Good morning, your honors. Good morning, counsel. This is Andrew Jacobs for the petitioner Leonardo Tapia-Felix and may it please the court. We appeal because there is no proof here in this record by clear and convincing evidence. That's clear in this second appeal from the same district court and that should result in this court possessing a definite and firm conviction that an error has been committed in this case requiring reversal. The government in this case bore the burden of clear and convincing demonstration and purposed its entire case's reliance on agent Wakefield. He was their only friendly witness. The district court properly after he had misled the district court essentially didn't rely on his testimony at all. That was the case the government tried. Their entire closing argument in writing is agent Wakefield. The district court rejected agent Wakefield and on the other side of it there's just a ton of evidence that are raised and is very well cross-correlated and supports each other piece of evidence by that correlation. There's the fact of the U.S. baptism which is an evidentially significant fact this court remanded for consideration of. There's the California delayed registration of birth. There's the daughter's grant of derivative citizenship which under Mundaka Vega is substantial credible evidence of citizenship. There's the mother's testimony of California live birth. There's the aunt's testimony she witnessed the California live birth. Well counsel in reviewing this evidence to the extent that there were adverse credibility findings made that is squarely within the province of the district court. So it's not the novel review. I think to the extent that the district court made credibility findings I don't know that sitting here as appellate judges we can do too much with that. So keep those arguments in mind when you're trying to overturn this Let's focus on the standard review in making your argument. So what is your best argument that this case should be sent back for redo? I think this court should reverse the case as opposed to sending it back your honor but the best argument for sending it back is the court didn't give real weight to the California delayed registration of birth because it ignored this court's mandate to consider the U.S. baptism. The court also did not give weight to Gretchen expert testimony about transnational families. The court said that Kuner's testimony was irrelevant which contradicts this court's remand order to begin with and it was irrelevant because she didn't interview people but that had nothing to do with the premise of the testimony. The testimony was about the prevalence of the practice of dual national registration of American born children in transnational Mexican American families. That testimony was simply disregarded. It was disregarded twice now and so that testimony indicates that it's very significantly statistically likely that in a dual national family such as this that the registration of the birth in Mexico is in fact not evidence. It's not evidence. When you say it was disregarded didn't Judge Logan in fact write in his word in fact he considered it and didn't he actually offer some commentary as to why he thought that it wasn't applicable. Now isn't it isn't there a difference between whether or not he's considered it and made a determination about its relevance versus simply not considering it at all because you've argued he didn't consider it at all but yet you he actually says in his opinion that he actually does consider it doesn't he? Judge Bowyer you're correct he says that he considered it but he does not give any effect to he doesn't say I have considered the fact that half of these transnational families in fact have this dual registration he considered it to be logically irrelevant and I would say the concept of logical irrelevance is sort of a barrier to the consideration and assigning weight to the fact this coordinates prior remand order after we visited on this two years ago said it was relevant. The question is weighing it and so he decided on remand that he considered it as you say Judge Bowyer in his text but his consideration consisted of saying it was logically irrelevant which gives it no weight and also consisted separately of saying that it was irrelevant because she didn't interview anybody which is really such a stark failure to grapple with what the evidence is as to basically reject it. So are you saying this is a violation of the rule of mandate or it is clear error as it relates to the factual finding of the weight of that particular evidence? It's both it's both the district court didn't do what it was told to do and then in not doing what it was told to do it therefore committed clear error because it failed to give any weight to a fact which this court already determined it needed to assign weight to in which if given weight would necessarily lead one to the conclusion that the record is at best equivocal and the record could not be clear and convincing that is almost beyond reasonable doubt that the government proved Mexican birth where half of the families in this circumstance and again the government didn't didn't really rebut this witness this government the government did not put in a witness against this fact the government chose to develop the case this way Judge Bowyer and that's the record it's not the record in any of these cases but that's the way the record lay in this case. Likewise the fact of the baptism is especially troubling and again it is both a violation of the mandate rule and to the point of your honor's questions clear error that the baptism analysis doesn't change from the 2017 to the 2019 order and that is literally Judge Bowyer to the point of your question which I really take your point it is a literal refusal to consider because in both of these orders the district court is saying that it's troubled by a 2002 record that the government introduced and that's the district courts literal refusal to grapple with a 1990 California registration of birth which is founded on pre 1990 records that is a literal refusal to consider the fact of baptism and we already know that in the first go-around the district court decided not to honor the US government's own stipulation of the 1972 baptism and it continues to pick and pick and pick at this 2002 baptismal document which again to be crystal clear the government introduced that is just that is truly irrelevant and it is no fair basis on which to assail the position of petitioner and so back to the point again of Judge Nguyen's question I take your point Judge Nguyen that there are the mixture of facts that are inarguable here that were remanded for consideration and some facts that are subject to a credibility determination but I would submit that the district court cannot credibility determine its way to the government carrying a burden where all it has in its hand is a Mexican birth certificate and that's really all it has and I would also say that in terms of the analytic weighing that was to be done it's one thing to say that on the scales of justice you have a rock here and you have a rock here the Mexican birth certificate is particularly subject to the testimony in the impugnment of the testimony of Gretchen Kuhner because Gretchen Kuhner offers not simply a rock that is analogous Gretchen Kuhner's testimony is an extrinsic critique of what the Mexican birth certificate is it's not just saying it's true it's not true it's saying yeah there is a Mexican birth certificate and 47% of the time and 550,000 transnational families that wouldn't be logically relevant to finding that the child was born in Mexico so it's a very powerful fact it's one the district court chose not to grapple with and the district court here really did I think walk to some degree even in Sinanang Smith territory it went against the principle of party presentation of the case the court the entire US government case was agent Wakefield the court rejected agent Wakefield it was untroubled by that it stepped over it rejected a stipulation this court reversed the rejection of that stipulation and the court even after that mandate even after that mandate the district court continues to spend significant analytic weight with some support in its brief from the United States government attacking the 2002 baptismal record that has no relevance to anything that was 12 years after the California delayed registration of birth that is violating the principle of party presentation it's not fair and it does nothing here to avoid the clear the clear inference of clear I'd like to reserve my last two minutes if I could please your honors yes and but let me ask you one question before you do that because you you the core of your argument is that we presented all of this evidence and the scope of the remand basically required the court to accept the stipulation so the court was too critical of the baptism of baptism certificate but it ordered that that was not the only evidence that the district court relied on the district court said that look the baptism certificate does provide some corroboration that the petitioner spent time in both Mexico and the United States but it really doesn't overcome the government's evidence which the court found to be convincing which includes the Mexican birth certificate there is a Mexican registration card documents from the a file and the citizenship packet of his daughter so how do you address all of those other pieces of evidence that the district court put together in weighing which side has met their burden okay judgment I think there's about three parts in that question first of all yes the district court says it shows that he spent time in both countries but the district court did not address and did not cite any of the three cases that create a direct inference that because there's a baptismal certificate there was birth in the nation of the baptism that was argued the court sidestepped that for number one number two it violates the mandate rule because the additional pieces of evidence your honor just pointed out judge Nguyen are all pieces of evidence that were so clear and convincing in carrying the government's burden but the district court assigned them literally no wait the first time around and said my case is the Mexican birth certificate so I think that gives a strong suggestion both that they aren't clear and convincing proof of anything and second of all that they violate the mandate rule and third of all what you have here is the government has to prove by clear and convincing and if the record is at least equivocal and there's at least equipoise Rose versus Sessions they don't cite it they don't acknowledge it the court ignored it if the evidence is at least in equipoise and the remanded matters alone even assuming that judge Logan correctly determined that every single other piece of corroborative evidence all was entitled to no credibility the matters that your honors remanded in the first proceeding already should suffice to get you at least to equipoise so those would be our three responses judgment all right thank you my question ate up your bottle camps I'll put two minutes on the clock when may it please the court Jonathan Ross for the United States if mr. Tapia was born in the United States he's a United States citizen if he was not born in the United States he's not here mr. Tapia has a heavy burden to show clear air to identify issues that would leave this quarter to have a definite and firm conviction that a mistake has been committed instead he points to repeated arguments that this courts already rejected the testimony of agent Wakefield the mandate rule for the first time now why doesn't the expert testimony of miss Cooner directly rebut the reliability of the Mexican birth registration you have over 200,000 families who ostensibly did exactly what's alleged by mr. Tapia here right why does that not substantially undermine the government's case and create an issue about the government having met its burden by clear and convincing evidence your honor I that the characterization of miss Cooner's testimony is not entirely accurate and I know that it's the it's the interpretation that my colleague puts forward however here the trial court expressly admitted miss Cooner's as testimony it considered it and it applied her research to the facts of this case her research was specifically as to foreign national parents that give birth to their children in the United States have that child registered in the United States and then return to Mexico to have that child re-registered with the hopes of giving them dual citizenship and that's not what happened here mr. to be his case however to your inquiry even if that's what happened here and even if her testimony involved transnational families in their registration patterns the miss Cooner identified a trend but not even a majority trend moreover her testimony was merely one piece of evidence weighed against powerful and concrete evidence of the Mexican birth of the Mexican registration card of the the sworn statement that he made in his daughter's citizenship application that he was a Mexican national and his immigration encounters with United States immigration but judge Logan's appears to rely primarily on the Mexican birth certificate I mean he spends pages actually right on that and so the real question that mr. tap is raising which I think we have to grapple with is the expert testimony and is it your position that the expert testimony doesn't raise any issues of credibility for the for the Mexican registration or is it even if it does these other documents bolster whatever doubt there might be about that registration or both both both points your honor you know as I indicated previously the Mexican birth certificate is uncontested in the record as to admissibility and accuracy I further as the as the trial court determined that paired with the weight of the other evidence of Mexican birth not just the birth certificate offset and establish that what Miss Cooner was testifying about didn't even apply here and even if you were to apply Miss Cooner's testimony to the facts of Mr. Tapia's case and and allowing for this interpretation that is just referred to registrations and re-registrations in general what you have is not a was born in country a registered there then brought to country B and registered there almost contemporaneously here you have an 18 year difference of registration that only comes up after mr. Tapia had an encounter with immigration and was no longer to freely cross the border at his will therefore turning back to this trial court to this courts original mandate it asked the isolated issues and the trial court did comply with both of those whereas it previously didn't refuse to admit Miss Cooner's testimony it didn't testimony did admit it and it gave it full consideration similarly with the stipulation as to mr. tapia's baptism in the United States that was also registered as well and as this trial as this court is recognized the burden is on mr. tapia now to show that there's clear error with that determination where the trial with the exact mandate of the score I'm sorry for jumping in and interrupting you counsel but you were talking about the mandate and the fact that we have remanded it the last time for the district court to accept the party's fact stipulation and that's a pretty critical stipulation for the case which demonstrates that he was in the United States baptized in the United States on the year of his birth and so the court said that I'm accepting the party's stipulation to the fact of petitioners baptism and that's at er 12 but yet on er 13 the district court concluded absent the record of baptism there is no other persuasive evidence of record that shows petitioner was present in the United States in 1972 so that's completely counter to the factual stipulation that the district court accepted why isn't that alone sufficient to warrant a remand in this case the district court said it accepted the factual stipulation but in its penultimate sentence it says there's no evidence here that he was in the United States in 1972 the year of his birth that's completely inaccurate if the court really in fact accepted the stipulations how do you respond to that the court absolutely did accept the stipulation judgment and there's a very logical interpretation as to what the court was was being in any harmless any error that that is present would be absolutely harmless because whereas mr. Tapia was born in June 1972 and his in December 1972 six months later approximately six months later that is the point in which he was baptized in the United States the date in the location of baptism was the only part of the party stipulations so perhaps where the court was talking about that there was no evidence of his birth it's it's very apparent to the government that he was born in Mexico immediately south of the United States border in in Colorado and Colorado Mexico and then six months later his baptism was registered in Los Angeles if the district court had said look I considered the stipulation I've considered the totality of the record all that the expert testimony fact testimony and so forth and I find that the evidence is convincing was born in Mexico six months later he was baptized in Los Angeles but that wasn't the court's reasoning it said there's no evidence no other persuasive evidence of record that shows he was present in the United States in 1972 so I don't know if the district court is accepting the argument that you're raising now which is that he was born in Mexico six months later they must have brought him here for for baptism I don't know if the court accepted that and that's what the court was was thinking or if the evidence he was present in the US in 1972 did they argue that below that he was born in Mexico and six months later was brought to the US to be baptized your honor the court accepted the party's stipulation and that stipulation was that he was born in that he was baptized in Los Angeles in December at the very end of 1972 again so you're saying that the court drew those inferences and therefore we should do the same given that the court accepted that his birth was in Mexico my question is was that argued before the district court that the government's theory given the factual stipulation is that he was born in Mexico and then six months later brought to the US for a baptism did the government do that your honor I want to get to the heart of your question and it requires more than just a simple yes or no however what the stipulation is is a dot on a timeline and ultimately like I said at the this is a question of whether mr. Tapia was born in the United States or not where he was subsequently brought afterwards is not is not an issue nor is his physical presence let's get an answer to my question first because I want to know what the district court heard what he was thinking of you're relying on an inference here because there's a factual misstatement in the of the party's argument so I take it by your answer that that specific argument wasn't made I understand the whole you know dot on the timeline issue that's correct and you know to to your point it doesn't require this court to make an inference because the underlying question the essential question here is was mr. to be a board in the United States and the overwhelming weight of evidence as determined by the trial court both times found that the evidence of his Mexican birth outweighed the other evidence expressly the evidence that was that this court directed the trial court to look at on remand and if I may if I may have just additional a few additional seconds to close I would greatly certainly please courts indulgence yes clear error is a demanding standard highly differential to the trial court the trial court did not air where to accomplish the two requested tasks on remand it accepted the stipulation of the parties it admitted considered and apply the evidence of misconduct and now because mr. to Pia failed to carry his burden to show clear error the court should deny the petition for review thank you thank you counsel thank you let's put two minutes on the clock I think you're on mute counsel thank you judgment you're right further to the point of your question it wasn't simply the sentence that you excerpt the council a moment ago that shows the district court directly to accept the stipulation why spend so much time and energy beating up on the 2002 12 years later document about baptism that the government introduced if you're not questioning the veracity of the baptismal stipulation the whole point is to undermine the baptismal stipulation into a court at less weight the court attacked it that way the court attacked it in the way the question that your honor post indicated but there was something really breathtaking in counsel's argument that I really want to pause on which is we are told now for the first time in this ten years of refashionings of theories by the United States government that mr. Tapia Felix was carried across the border six months after birth if you look at the record of the trial of this case agent Wakefield's affidavit from Leonardo's illiterate mother actually says he crossed the border 39 days after birth so if he crossed the border 39 days after birth I guess that would place him in the country four and a half months if born in Mexico before the Los Angeles baptism so I would think the government to be consistent having tried an entire case premised on the idea of a 39 day aged border crossing for purpose of squaring nationalization would then say the district court not only was improperly questioning the stipulation but was factually wrong because contrary to the argument just made mr. Tapia by extension would have been in the argument in the country for four months before the baptism so the government here is just endlessly refashioning its theories and the district court I would really submit to all of your honors to the point of judge Bulwer's prior question it's one thing to say I dealt with it but when the logic of what you express gives literally no credit to the thing that you claim to deal with I would respectfully urge this court to really fail to grapple with those matters where the logic was accorded no weight where miscuse miscounters testimony was attacked solely on the basis that she didn't interview people that's not really weighing the rocks in a fair way that's saying a rock isn't a rock so we respectfully ask that you reverse all right just forward did you have a question I didn't have one question which is mr. Jacobs is judge Logan not permitted even though he mentioned documents previously to actually consider the other documents the card of the a file and the other documents and reemphasize those pursuant to this court's directive for him to reevaluate some of the testimony I would say the way it played out in this case judge Bulwer let me explain why I'd actually say the answer notwithstanding the framing of that question would be no you look the judge wrote a very carefully reasoned carefully written 15 page order with tons of cases and tons of facts and at the first time when he is the u.s. district judge dealt with this matter very seriously and very gravely very grave matter and when he did so he did not accord those matters weight I think we have to take seriously the judge Logan in 2017 did not accord the matters upon which the government would now found Mexican birth weight and so when this court says we want you to just do what you did but do these two other things I don't think this court was saying in the mandate rule says go back and re-decide everything from scratch and that's what the government's position is and that's latent in the line of reasoning the government proposes and if that were true judge Bulwer that the court could do that the court could just as easily exhume the destroyed testimony of agent Wakefield which frankly if we go back for a third time I'm gonna have to brief how agent Wakefield's testimony squares with the argument counsel just made and so we're sort of endlessly going around and around I think this court limited on remand and said it's what you did judge Logan plus two things and anything else defeats the spirit of the mandate and we cited cases to that effect so we think respectfully to the the district court judge Bulwer that he was not allowed to do thank you all right thank you very much counsel to both sides for your argument in this case the matter is submitted
judges: Fernandez, Nguyen, Boulware